IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRUCE LEE BRYANT,**

    Petitioner,

v.                                                              Civil Action No. **3:20CV21**

**HAROLD W. CLARKE,**

    Respondent.

## MEMORANDUM OPINION

Bruce Lee Bryant, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition (ECF No. 1), which he subsequently amended (ECF No. 11), challenging his convictions in the Circuit Court of Southampton County, Virginia (hereinafter "Circuit Court") for three counts of distributing a Schedule I or II controlled substance as a third or subsequent offense and one count of conspiracy to distribute a Schedule I or II controlled substance. Bryant contends that he is entitled to relief because the evidence against him "was insufficient to establish the essential elements [of his crimes] beyond a reasonable doubt." (ECF No. 11, at 12.)[1]

Respondent concedes that Bryant has exhausted his claim by presenting it to the Supreme Court of Virginia on direct appeal or state habeas. (ECF No. 15, at 3.) Given this concession, it is unnecessary to provide a preliminary discussion of the procedural history of Bryant's claims.

### I. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States."

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

## II. SUFFICIENCY OF THE EVIDENCE

A federal habeas petition warrants relief on a challenge to the sufficiency of the evidence only if "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). The relevant question in conducting such a review is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)). The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Id.* at 318.

2

The Court of Appeals of Virginia aptly summarized the evidence of Bryant's guilt as follows:[2]

> On September 8, 2015, September 9, 2015, and September 17, 2015, Detective Scott Griffith of the Southampton County Sheriff's Office worked with [RJ] as an undercover informant to make controlled drug purchases. Appellant was the target of the operation. At the time of appellant's trial, [RJ] was incarcerated, and he was awaiting sentencing on criminal convictions. [RJ] also had previous felony convictions.
>
> On September 8, 2015, [RJ] contacted appellant by telephone. Appellant agreed to meet [RJ] near appellant's house and sell [RJ] some heroin. The police searched [RJ] and his car and found no contraband. The police provided [RJ] with $100 to make the purchase and wired him with recording devices. In his car, [RJ] followed the undercover police vehicle to the area of the planned meeting. [RJ] called appellant on the way, and appellant said that his sister would be out near the road to make the sale. [RJ] saw a female on the road outside appellant's house. [RJ] stopped his car and handed the woman the money; she gave him a packet. Within several minutes of the transaction, [RJ] met the police at an agreed location. [RJ] gave Griffith a folded lottery ticket with heroin inside it. Afterward, Griffith had [RJ] call appellant and claim that the amount of drugs was "short." Appellant said that he would make it up to [RJ] the next time.
>
> On September 9, 2015, [RJ] contacted the police and said that he had arranged to buy $100 worth of heroin from appellant. Griffin met [RJ], searched him and his car, and provided him with money to make the purchase. Police officers followed [RJ] to the meeting location and observed appellant on a bicycle. As [RJ] was approaching the location, appellant called him and said that Antonio Lee, whom [RJ] knew from prior drug transactions, would be delivering the drugs. [RJ] then met Lee at the agreed location, and Lee consummated the sale. [RJ] did not count the "folds" of heroin Lee gave him, nor did he check each one to make sure it contained drugs.[3] As [RJ] was about to drive away, Lee asked [RJ] for one of the "folds" of heroin. To avoid "blowing his cover," [RJ] gave one of the folds to Lee.[4] [RJ] met with the police immediately thereafter, and he gave Griffin the fifteen "folds" that he had just purchased. One of the fifteen "folds" was empty, and [RJ] told the officers about what had transpired with Lee.
>
> On September 17, 2015, by text message, [RJ] arranged to purchase forty dollars' worth of heroin from appellant. The police searched [RJ] and his vehicle

---

[2] In its opinion, the Court of Appeals of Virginia makes reference to a cooperating informant. This Court identifies that individual by his/her initials, which are "RJ."

[3] [RJ] stated that, when purchasing a quantity of heroin for $100, it was not uncommon to receive more than ten packets and that an occasional "fold" might contain no drugs at all.

[4] [RJ] testified that, in a drug deal, it was common for an intermediary to ask for a cut of the drugs.

3

both before and after the transaction and found no contraband. The police followed [RJ]'s car to the agreed location, near appellant's house. Appellant appeared, and he got into the front seat of [RJ]'s car. Appellant asked [RJ] to give him a ride somewhere. [RJ] said that he could not at the moment, but that he would contact appellant later. [RJ] gave appellant the money, and appellant handed over the drugs. When he met with the police shortly thereafter, [RJ] gave them a tissue containing eight "folds" of heroin.

The Commonwealth introduced video recordings of the three transactions. The Commonwealth proved that appellant had prior convictions for distributing drugs.

Appellant argues that [RJ] was not a credible witness due to his criminal record. Appellant also contends that [RJ]'s credibility was undermined because he deviated from police procedure by giving some of the heroin to Lee on September 9, 2015.[5] The trial court, however, saw and heard [RJ]'s testimony and found it to be credible. "[D]etermining the credibility of the witnesses and the weight afforded the testimony of those witnesses are matters left to the trier of fact." *Parham v. Commonwealth*, 64 Va. App. 560, 565, 770 S.E.2d 204, 207 (2015).

As the trial court noted, the Commonwealth's other evidence corroborated [RJ]'s testimony. By telephone call or text, appellant agreed to sell heroin to [RJ] three times. Both before and after each of the three transactions, police officers searched [RJ] and his car and found no drugs other than what [RJ] had just purchased. The police maintained contact with [RJ] as the transactions occurred. The Commonwealth introduced video recordings of the three incidents. One of the videos showed Lee as the person who handed over the drugs; another video showed appellant getting into [RJ]'s car to make the sale. On September 8, 2015 and September 9, 2015, appellant arranged for a female and Lee to make the deliveries. After the September 8, 2015 transaction, appellant assured [RJ] by telephone that, in the future, he would make up the difference for the quantity of heroin [RJ] complained had been short in that day's sale.

The Commonwealth thus proved that appellant agreed to sell drugs to [RJ] on three occasions, that appellant supplied the drugs, that he twice used intermediaries to complete the transactions, and that he accomplished the final sale himself. From these facts and circumstances a reasonable finder of fact could conclude beyond a reasonable doubt that appellant was guilty of three charges of distributing drugs as a third offense and of conspiracy to distribute drugs.

(ECF No. 15–2, at 2–4 (fortieth alteration in original) (alterations in footnote numbering).)

The evidence, as described by the Court of Appeals of Virginia, amply supports Bryant's convictions. Accordingly, Bryant's claim of insufficient evidence will be DISMISSED.

---

[5] Appellant raises no specific argument regarding the sufficiency of the evidence to prove that appellant conspired with Lee to distribute drugs on September 9, 2015.

4

### III. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 13) will be GRANTED. Bryant's § 2254 Petition will be DENIED. Bryant's claim and the action will be DISMISSED. A certificate of appealability will be DENIED.[6]

An appropriate order shall accompany this Memorandum Opinion.

Date: 22 April 2021
Richmond, Virginia

/s/ JSJ.
John A. Gibney, Jr.
United States District Judge

---

[6] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Bryant fails to meet this standard.